# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOYCE A. BROWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:12-CV-193-PRC |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Petition for Attorney Fee Pursuant to § 206(b)(1) [DE 31], filed by Attorney Frederick J. Daley, Jr., one of the attorneys for Plaintiff Joyce A. Brower, on April 27, 2016. The Commissioner filed a response on May 11, 2016, and Attorney Daley filed a reply on May 18, 2016. Attorney Daley seeks an award of attorney's fees in relation to Plaintiff's application for disability benefits.

On May 15, 2012, Plaintiff filed a Complaint in this Court. On September 17, 2013, the Court reversed and remanded for further proceedings. Plaintiff subsequently prevailed on remand when the ALJ issued a favorable decision on October 30, 2015, awarding benefits beginning in March 2008. The Commissioner's Office of Central Operations calculated the benefits and awarded Plaintiff $109,866.00 in total past due benefits. Of this amount, $27,466.50 represents 25% of the combined award and was withheld for the direct payment of an attorney fee by the Social Security Administration. Previously, Attorney Daley was granted $3,416.64 for work before the Court under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), for 21.94 hours of legal services. Attorney Daley represents that administrative counsel received compensation for administrative

1

representation in the amount of $6,000.00, which amounts to 5.46% of the past-due award. Therefore, Attorney Daley is requesting that the remainder of the 25% of past-due benefits, amounting to $21,466.50 and representing 19.54% of past-due benefits, be awarded to him in accordance with the fee agreement entered into between Plaintiff and him.

Fees generated representing Social Security benefits claimants are governed by the Social Security Amendments of 1965. *See* 42 U.S.C. § 406. Section 406(a) deals with fees for representation in administrative proceedings, whereas § 406(b) governs fees for representation in court. *See id.*; 20 C.F.R. § 404.1728. The Social Security Act provides for an award of attorney's fees for "a judgment favorable to the plaintiff." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). Further, the statute provides that a reasonable fee will not exceed twenty-five percent of the past due benefits. *See* 28 U.S.C. § 406(b). Likewise, fees can only be obtained from past due benefits; attorneys cannot gain additional fees simply because a claimant is entitled to continuing benefits. *See id.*

An award of attorney fees under § 406(b) is offset or reduced by the fees already paid to the attorney under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *see* 28 U.S.C. § 2412. Under the EAJA, a prevailing party may be awarded fees if the government's position was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht*, 535 U.S. at 796. EAJA fees are determined by the time spent on the case and a reasonable hourly rate capped at $125.00 per hour. *See Gisbrecht*, 535 U.S. at 796; 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A). Fee awards may be granted under both EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht*, 535 U.S. at 796.

In this matter, Plaintiff is a prevailing party because the Court remanded the Commissioner's decision, and, on remand, the Plaintiff prevailed and was awarded past due benefits. The Commissioner does not object to the awarding of fees in this case. Rather, she argues that the $27,466.50 in fees sought is unreasonable and excessive and would amount to an hourly rate of $978.42.

As interpreted by the Supreme Court in *Gisbrecht*, the language of § 406(b) provides for a reasonable fee that does not exceed twenty-five percent of the past due benefits. *See* 535 U.S. at 800, 807. The *Gisbrecht* court held that contingent fee agreements should be used as the primary means to calculate attorney's fees. *See id*. The Supreme Court recognized that contingent fee contracts are the most common payment arrangement between Social Security claimants and their counsel. *Id*. at 803. In *Hensley*, the court stated that attorneys should recover a "fully compensatory fee" when the client receives "excellent results." 461 U.S. at 435.

In considering the legislative history of the Social Security Act, the court in *Gisbrecht* noted that, although Congress intended to protect claimants from "inordinately large fees," nothing demonstrates a congressional intent to discourage attorneys and claimants from contingency agreements. 535 U.S. at 790-91 (stating that Congress likely meant to contain, not prevent, contingency agreements). Further, "[a]ttorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and . . . risk[ing] that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate." *Hensley*, 461 U.S. at 448-49 (Brennan, J., concurring in part and dissenting in part). In *Gisbrecht*, the court noted that a contingent fee may be reduced if the quality of work is substandard, if the

3

attorney causes a delay in the litigation, or if fees are too large when compared to time counsel spent on the case. *See* 535 U.S. at 806.

The contract in this case is a standard contingency agreement signed by both Plaintiff and her attorney, and it uses the exact language of § 406(b) to provide for the statutory maximum attorney fee of twenty-five percent of past due benefits upon a successful result. In the event of an unsuccessful result, Plaintiff would not have owed her attorney a fee. However, the attorney obtained excellent results and recovered substantial past due benefits for Plaintiff, achieving the result sought by Plaintiff in her Complaint. Although the hours worked compared to the total fee requested may seem disproportionate at first glance, they reflect the time-value of money and the attorney's risk that he could have received no payment for his services. The contingent fee arrangement also accounts not only for the attorney's personal compensation but also for the overhead and salaries of paralegals and law clerks who work on both the winning and losing cases.

In this case, counsel represented Plaintiff before this Court and presented multiple, separate issues to the Court for review, seeking a remand of this case to the SSA. To be successful, counsel had to obtain a remand, convince the SSA to award benefits, and convince the SSA of the onset date for the benefits to achieve Plaintiff's recovery. Plaintiffs' attorneys successfully completed each of these tasks. Plaintiff's attorneys are experienced in Social Security litigation, as demonstrated by their representation of Plaintiff throughout this matter. Their experience aided in the evaluation of the record and of the ALJ's findings to determine issues proper for appeal. The attorneys' experience in Social Security litigation served Plaintiff well, and counsel should be compensated accordingly. The Commissioner makes no argument that the representation of Plaintiff was substandard or less than successful.

In addition to the past due benefits awarded, Plaintiff will also receive significant future benefits as a result of counsel's work in the form of long-term disability. Although these continuing and future benefits do not factor into the basis for calculating the amount of the § 406(b)(1) attorney's fees, they nevertheless demonstrate the value of counsel's work to Plaintiff. Finally, because counsel was awarded fees under the EAJA, the contingency fee will be offset by the amount of the EAJA fee award. *See Koester*, 482 F. Supp. 2d at 1082 (relying on the fact that the plaintiff's counsel also received EAJA fees, which mitigated the amount of § 406(b) fees paid by the plaintiff, as one factor supporting the court's decision to award the maximum amount of fees allowed under § 406(b)).

In accordance with *Gisbrecht*, this Court will not award § 406(b) fees based on a lodestar or hourly-rate calculation, and the number of hours worked by Plaintiff's counsel is only one factor influencing the Court's final § 406(b) decision. The Court finds that the contractual contingency arrangement, providing for an attorney's fee of twenty-five percent of the benefits awarded to Plaintiff, is reasonable compensation for the attorney's representation in this case and is not a windfall.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Petition for Attorney Fee Pursuant to § 206(b)(1) [DE 31]. The Court **AWARDS** Plaintiff's attorney a total of $21,466.50 in attorney fees pursuant to § 406(b)(1). The Court **ORDERS** that payment by the Commissioner in the amount of $21,466.50 be paid directly to Attorney Frederick J. Daley, Jr. in accordance with the agreement signed by Plaintiff. The Court further **ORDERS** Attorney Daley to **PAY** Plaintiff $3,416.64, which

5

represents the amount of the EAJA award already paid to Attorney Daley and now credited to Plaintiff.

SO ORDERED this 19th day of May, 2016.

s/ Paul R. Cherry_____  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT